**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RANDY DALE JACKSON**                                          **PLAINTIFF**

**V.**                                                                    **NO. 4:14-CV-00089-DMB-SAA**

**JOHN HOCHBERG; LORENZO CABE;
A. BROWN; MS. TILLIS; JOHN JOE,
MDOC Personnel Corr. Officer; and
EARNEST LEE**                                                         **DEFENDANTS**

## MEMORANDUM OPINION

On September 25, 2014, United States Magistrate Judge S. Allan Alexander issued a Report and Recommendation recommending that "all the claims in the instant case be dismissed for failure to state a claim upon which relief could be granted." Doc. #14 at 5. On October 9, 2014, Plaintiff Randy Dale Jackson filed his objections to the Report and Recommendation. Doc. #16.

Having considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation, the Court finds that the plaintiff's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the Court.

Jackson objects to the Magistrate Judge's Report and Recommendation for three reasons. First, he argues that Superintendent Earnest Lee stated during the grievance process that the defendants should not have tightened Jackson's cuffs so tightly. Jackson believes that Lee's statement operates as an admission establishing a constitutional violation under 42 U.S.C. § 1983.

Second, Jackson argues that the Magistrate Judge mistakenly believed that violence erupted twice on the same day – and that he was restrained immediately after the second violent incident. Thus, Jackson argues, the Magistrate Judge should have found that the force used to restrain him was excessive because the defendants had restored order about an hour (rather than minutes) prior to placing him in restraints.

Third, Jackson argues that the defendants knowingly and unnecessarily placed him and the other inmates in harm's way because, the day before the incident, Superintendent Lee had recommended placing all Mississippi Department of Corrections institutions on lockdown – a recommendation that the defendants ignored.

All of Jackson's objections are meritless.

As to Jackson's first objection, even though Superintendent Lee apparently admitted that the guards should not have made the restraints so tight, it is for the Court, not the parties, to determine whether the facts in a given case rise to the level of a constitutional violation. As set forth in the Magistrate Judge's Report and Recommendation, the facts of this case do not.

Regarding Jackson's second objection – his belief that the Magistrate Judge misunderstood the facts of the case – the Court finds no error. On the third page of the Report and Recommendation, the Magistrate Judge states, "Rival gangs were at war within the prison. Just before Jackson was restrained, the war erupted again." Doc. #14 at 3. Jackson reads this passage as a statement that violence erupted twice on the same day; however, the Court disagrees. The Court reads the passage, instead, to state that an ongoing war between rival gangs led to a single eruption of violence on the day in question.

Jackson believes that, because the gang violence had been quelled about an hour before he was restrained, there was no need to restrain him at all. He is mistaken. As the Magistrate Judge correctly found, there was a need to impose strict security measures after such an

explosive uprising, and placing each inmate not currently in his cell in restraints was both rational and prudent under the circumstances.

Finally, Jackson argues that the actions by the defendants in placing all inmates from the unit into the gymnasium without conducting a proper security search exposed those inmates to an unreasonable risk of serious physical injury. This may well be true; however, the Court need not decide that issue at present. As the Magistrate Judge found, Jackson was not injured in any way during the attack; his *de minimis* injuries (scraped and bruised wrists) occurred about an hour later – and are not serious enough to support a claim of deliberate indifference. For these reasons, the plaintiff's objections to the Magistrate Judge's Report and Recommendation are without substantive merit.

It is, therefore, ordered:

1. That the plaintiff's objections [16] to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. That the Report and Recommendation of the United States Magistrate Judge [14] is hereby **APPROVED AND ADOPTED** as the opinion of the court; and

3. That the instant case is hereby **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

**SO ORDERED**, this 17th day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**